**Jorge Luis SOTO–GALAVIZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75113.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 7, 2008.*

Filed Jan. 10, 2008.

Paul Agu, Las Vegas, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, W. Manning Evans, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: O'SCANNLAIN, SILVERMAN and GRABER, Circuit Judges.

### MEMORANDUM **

Petitioner seeks review of a Board of Immigration Appeals' ("BIA") decision denying a motion to reconsider as untimely and number-barred, and denying a motion to reopen as untimely.

We review the BIA's denial of motions to reopen or to reconsider for abuse of discretion. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). The regulations state that a motion to reopen removal proceedings must be filed not later than ninety days after the date on which the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2). A review of the administrative record demonstrates that the BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely. Petitioner's final administrative order of removal was entered on June 3, 2004. Petitioner's motion to reopen was filed on July 19, 2006, more than ninety days after the date on which the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2).

In addition, the BIA did not abuse its discretion in denying petitioner's motion to reconsider as untimely and numerically barred. Petitioner's July 19, 2006 motion to reconsider was barred by regulation in that it was filed over thirty days after the June 3, 2004 order, and was petitioner's second motion to reconsider. *See* 8 C.F.R. § 1003.2(b)(2) (providing limitations on motions to reconsider).

Accordingly, respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

To the extent petitioner seeks review of the BIA's decision not to reopen proceedings because petitioner failed to meet his burden to demonstrate that a new decision on his cancellation of removal application is warranted, this court lacks jurisdiction to review that portion of the BIA's decision. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Fernandez v. Gonzales,* 439 F.3d 592, 601 (9th Cir. 2006) (concluding that the court lacks jurisdiction to review the Board of Immigration Appeals' denial of motion to reopen for failure to establish a prima facie case if a prior adverse discretionary decision was made by the agency). Accordingly, the petition for review is dismissed in part.

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.